Thiago M. Coelho, *pro hac vice*
*thiago@wilshirelawfirm.com*
Jennifer M. Leinbach, CA SBN 281404
*jleinbach@wilshirelawfirm.com*
Jesenia Martinez, CA SBN 316969
*jesenia.martinez@wilshirelawfirm.com*
Jesse S. Chen, CA SBN 336294
*jchen@wilshirelawfirm.com*
**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd., 12th Floor
Los Angeles, California 90010
Telephone: (213) 381-9988
Facsimile: (213) 381-9989

David K. Lietz, *pro hac vice*
*dlietz@milberg.com*
**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC**
5335 Wisconsin Avenue NW, Suite 440
Washington, D.C. 20015-2052
Telephone: (866) 252-0878
Facsimile: (202) 686-2877

*Attorneys for Plaintiffs
and Proposed Class*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| FERNANDO MENDOZA, SOPHIA MENDOZA, and HUEY NGUYEN, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>CRYSTAL BAY CASINO, LLC, a Nevada limited liability company,<br><br>    Defendant. | Case No.:   3:23-CV-00092<br><br>**NOTICE OF MOTION AND UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

**TO THIS HONORABLE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Plaintiffs Fernando Mendoza, Sophia Mendoza, and Huey Ngyuen ("Plaintiffs"), individually and on behalf of all others similarly situated, will and hereby do move this Court, under Federal Rule of Civil Procedure 23, for an order granting final approval of the Parties' proposed class action settlement. Plaintiffs respectfully request that the Court enter an order:

1. Granting final approval of the Class Settlement Agreement and Release ("Agreement"), ECF No. 34-02;

2. Certifying the Settlement Class for settlement purposes;

3. Appointing Plaintiffs Fernando Mendoza, Sophia Mendoza, and Huey Ngyuen as Class Representatives for the Class;

4. Appointing Thiago M. Coelho of Wilshire Law Firm, PLC and David K. Lietz of Milberg Coleman Bryson Philips Grossman, PLLC as Settlement Class Counsel;

5. Finally approving the ultimate dispersal of funds under the Agreement and in accordance with Settlement Class Counsel's Motion for Fees and Costs (ECF No. 38).

This Motion is based on this Notice, the accompanying memorandum of points and authorities and the exhibits thereto, the papers and pleadings on file with this Court in this matter, and such other and further matters as may be brought to the Court's attention at or before the hearing of the Motion.

Dated: July 22, 2024

Respectfully Submitted,

/s/ Thiago M. Coelho
Thiago M. Coelho
*pro hac vice*
**WILSHIRE LAW FIRM, PLC**

/s/ David K. Lietz
David K. Lietz
*pro hac vice*
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
*Attorneys for Plaintiffs and Proposed Class*

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

# **TABLE OF CONTENTS**

TABLE OF CONTENTS.................................................................................................................i

TABLE OF AUTHORITIES ........................................................................................................ iii

MEMORANDUM OF POINTS AND AUTHORITIES ..............................................................1

I.      INTRODUCTION ...........................................................................................................1

II.     FACTUAL AND PROCEDURAL HISTORY ..............................................................1

    A.     Plaintiffs' Claims ...............................................................................................1

    B.     Procedural History .............................................................................................2

        1.     Consolidation and the Operative Complaint.............................................2

        2.     Discovery and Investigation ....................................................................2

    C.     Benefits Provided Under the Settlement Agreement.............................................3

    D.     Preliminary Approval and Class Notice Program.................................................4

III.    ARGUMENT....................................................................................................................6

    A.     The Court Should Finally Approve the Settlement .................................................6

        1.     The Strength of Plaintiffs' Case Weighs in Favor of Final Approval .......7

        2.     The Risk, Expense, Complexity and Likely Duration of Further
              Litigation All Weigh in Favor of Final Approval....................................8

        3.     The Relief Offered in the Settlement Favors Final Approval....................9

        4.     The Extent of Discovery Completed Favors Final Approval
              Because the Settlement Was Reached as a Result of Arm's Length,
              Non-Collusive Negotiated Resolution .......................................11

        5.     A Consideration of the Experience and Views of Class Counsel
              Favor Final Approval.........................................................................12

        6.     There is No Governmental Participant in this Action.............................13

        7.     The Positive Reaction of the Class Members to the Settlement
              Favors Final Approval .......................................................................13

    B.     The Settlement Class Should be Finally Certified................................................13

        1.     The Settlement Class is Numerous and Ascertainable ...........................14

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

i

3.    Plaintiff's Claims are Typical of the Settlement Class ............................ 16

4.    Plaintiffs and Class Counsel are Adequate Representatives................... 16

5.    Common Questions of Fact and Law Predominate ................................ 17

6.    Class Treatment is Superior .................................................................. 18

IV.    CONCLUSION.................................................................................................. 18

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

UNOPPOSED MOTION FOR FINAL APPROVAL

## TABLE OF AUTHORITIES

**Cases**

*Adoma v. Univ. of Phoenix, Inc.*,

    913 F. Supp. 2d 964 (E.D. Cal. 2012) ............................................................. 7, 8, 12

*Amchem Products, Inc. v. Windsor*,

    521 U.S. 591 (1997) ........................................................................................ 17

*Barbosa v. Cargill Meat Sols. Corp.*,

    297 F.R.D. 431 (E.D. Cal. 2013) ................................................................. 9, 11, 13

*Benitez v. Western Milling, LLC*,

    No. 1:18-CV-01484-SKO, 2020 WL 3412725 (E.D. Cal. June 22, 2020) ............... 7

*Bingaman, et al. v. Avem Health Partners Inc.*,

    No. CIV23-130-SLP, ECF No. 67(W.D. Ok. May 15, 2024) .............................. 10

*Blackie v. Barrack*,

    524 F.2d 891 (9th Cir. 1975) .......................................................................... 18

*Boyd v. Bechtel Corp.*,

    485 F. Supp. 610 (N.D. Cal. 1979) ................................................................. 11

*Briseno v. ConAgra Foods, Inc.*,

    944 F.3d 1121 (9th Cir. 2017) ......................................................................... 15

*Cotton v. Hinton*,

    559 F.2d 1326 (5th Cir. 1977) ......................................................................... 12

*Dunk v. Ford Motor Co.*,

    48 Cal. App. 4th 1794 (1996) ......................................................................... 14

*Eisen v. Carlisle & Jacquelin*,

    417 U.S. 156 (1974 ....................................................................................... 14

*Ellis v. Costco Wholesale Corp.*,

    657 F.3d 970 (9th Cir. 2011) .......................................................................... 16

*Fernandez v. 90 Degree Benefits*,

    No. 2:22-cv-00799, ECF No. 33 (E.D.Wis. Nov. 17, 2023) .............................. 10

WILSHIRE LAW FIRM, PLC<br>3055 Wilshire Blvd, 12ᵗʰ Floor<br>Los Angeles, CA 90010-1137

UNOPPOSED MOTION FOR FINAL APPROVAL

*Franklin v. Kaypro Corp.*,

    884 F.2d 1222 (9th Cir. 1989) ................................................................. 6

*Gen. Tel. Co. of the Nw. Inc. v. EEOC*,

    446 U.S. 318 (1980) ............................................................................... 14

*Hanlon v. Chrysler Corp.*,

    150 F.3d 1011 (9th Cir. 1988) ....................................................... *passim*

*Hanon v. Dataproducts Corp.*,

    976 F.2d 497 (9th Cir. 1992) ............................................................... 16

*Hernandez v. Cnty. of Monterey*,

    305 F.R.D. 132 (N.D. Cal. 2015) ........................................................ 14

*Hester v. Vision Airlines, Inc.*,

    No. 2:09-cv-00117, 2009 WL 4893185 (D. Nev. Dec. 16, 2009) ......... 16

*In re C.R. England, Inc. Data Breach Litigation*,

    No. 2:22-cv-374-DAK, ECF No. 57 (D.Utah March 18, 2024) ............ 10

*In re Equifax Inc. Cust. Data Sec. Breach Litig.*,

    No. 1:17-MD-2800-TWT, 2020 WL 256132 (N.D. Ga. Mar. 17, 2020) ......... 10

*In re Immune Response Secs. Litig.*,

    497 F. Supp. 2d 1166 (S.D. Cal. 2007) ............................................... 11

*In re Syncor Erisa Litig.*,

    516 F.3d 1095 (9th Cir. 2008). ............................................................. 6

*In re Wal-Mart Wage & Hour Emp't Practices Litig.*,

    No. 2:06-cv-00225-PMP-PAL, 2008 WL 3179315 (D. Nev. June 20, 2008) ......... 15

*In re Wash. Pub. Power Supply Sys. Sec. Litig.*,

    720 F. Supp. 1379 (D. Ariz. 1989) ....................................................... 7

*In re Wells Fargo Home Mortg.*,

    571 F.3d 953 (9th Cir. 2009) ............................................................... 17

*Kristensen v. Credit Payment Servs.*,

    12 F. Supp. 3d 1292 (D. Nev. 2014) ................................................... 15

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

UNOPPOSED MOTION FOR FINAL APPROVAL

*Lerwill v. Inflight Motion Pictures, Inc.*,

   582 F.2d 507 (9th Cir. 1978) ................................................................................. 16

*Lewis v. Starbucks Corp.*,

   No. 2:07-cv-00490-MCE-DAD, 2008 WL 4196690 (E.D. Cal. Sept. 11, 2008) ................... 11

*Linney v. Cellular Alaska P'ship*,

   151 F.3d 1234 (9th Cir. 1998) ......................................................................... 6, 7, 11

*Local Joint Executive Bd. of Culinary/Bartender Tr. Fund v. Las Vegas Sands, Inc.*,

   244 F.3d 1152 (9th Cir. 2001) ............................................................................. 17

*Madkin v. Automation Personnel Services, Inc.*,

   No. 2:21-cv-1177, ECF No. 53 (N.D. Ala. Feb. 20, 2024)........................................... 10

*Monterrubio v. Best Buy Stores, L.P.*,

   291 F.R.D. 443 (E.D. Cal. 2013) .......................................................................... 11

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*,

   221 F.R.D. 523 (C.D. Cal. 2004).................................................................... *passim*

*Navellier v. Sletter*,

   262 F.3d 923 (9th Cir. 2001) ............................................................................... 14

*Officers for Justice v. Civil Serv. Comm'n*,

   688 F.2d 615 (9th Cir. 1982) ...................................................................... *passim*

*Ontiveros v. Zamora*,

   303 F.R.D. 356 (E.D. Cal. 2014) ............................................................................ 9

*Reynolds v. Marymount Manhattan College*,

   No. 1:22-CV-06846-LGS , 2023 WL 6977635 (S.D.N.Y. Oct. 23, 2023)............................ 10

*Rodriguez v. W. Publ'g Corp.*,

   563 F.3d 948 (9th Cir. 2009) ............................................................................... 11

*Santoro v. Aargon Agency, Inc.*,

   252 F.R.D. 675 (D. Nev. 2008) ............................................................................ 16

*Staton v. Boeing Co.*,

   327 F.3d 938 (9th Cir. 2003) ................................................................................ 6

UNOPPOSED MOTION FOR FINAL APPROVAL

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

*United States v. Armour & Co.*,

   402 U.S. 673 (1971) .............................................................................................. 8

*Van Lith v. iHeartMedia + Entm't Inc.*,

   No. 1:16-CV-00066-SKO, 2017 WL 1064662 (E.D. Cal. Mar 20, 2017) .............................. 8

*Vasquez v. Coast Valley Roofing, Inc.*,

   266 F.R.D. 482 (E.D. Cal. 2010) ....................................................................... 8, 11, 13

*Wal-Mart Stores, Inc. v. Dukes*,

   564 U.S. 338 (2011) ............................................................................................ 15

*Wang v. Chinese Daily News, Inc.*,

   737 F.3d 538 (9th Cir. 2013) ................................................................................ 15

*Wolin v. Jaguar Land Rover N. Am. LLC*,

   617 F.3d 1168 (9th Cir. 2010) ............................................................................... 18

*Wren v. RGIS Inventory Specialists*,

   No. C-0605778 JCS, 2011 WL 1230826 (N.D. Cal. Apr. 1, 2011),

   *supplemented*, No. C-06-05778 JCS, 2011 WL 1838562 (N.D. Cal. May 13, 2011) .............. 7

*Zinser v. Accuflix Research Inst., Inc.*,

   253 F.3d 1180 (9th Cir. 2001) ............................................................................... 13

**Statutes**

28 U.S.C. § 1711 – 1715 (CAFA) ................................................................................ 4

Cal. Bus. & Prof. Code §§17200, *et seq.* (UCL) ............................................................. 2

Nev. Rev. Stat. Ann. §§598.0903, *et seq.* (NDTPA) ........................................................ 2

**Rules**

Fed. R. Civ. P. 23 ............................................................................................. 3, 4, 14

Fed. R. Civ. P. 23(a) ............................................................................................... 14

Fed. R. Civ. P. 23(a)(2) ........................................................................................... 15

Fed. R. Civ. P. 23(b)(3) ............................................................................. 14, 16, 17, 18

Fed. R. Civ. P. 23(e) ................................................................................................ 6

Fed. R. Civ. P. 23(e)(2) ............................................................................................. 7

UNOPPOSED MOTION FOR FINAL APPROVAL

1

**Treatises**

2

Manual for Complex Litigation, *Judicial Role in Reviewing a Proposed Class Action*

3

*Settlement*, § 21.61 (4th ed. 2004) .............................................................6

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd., 12ᵗʰ Floor
Los Angeles, CA 90010-1137

UNOPPOSED MOTION FOR FINAL APPROVAL

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Plaintiffs Fernando Mendoza, Sophia Mendoza, and Huey Ngyuen ("Plaintiffs"), individually and on behalf of all others similarly situated, hereby seek final approval of a proposed class action settlement (the "Settlement") with Defendant Crystal Bay Casino, LLC ("Defendant" or "Crystal Bay.") The Settlement was reached following extensive investigation, informal discovery and arm's-length negotiations conducted under the assistance of an experienced mediator, Hon. Morton C. Denlow (Ret.). Plaintiffs believe that the Settlement represents an excellent result for the proposed Settlement Class.[1]

When the benefits of the Settlement are balanced against the inherent risks of continued, protracted litigations, including potential defeat at certification, on the merits and/or on appeal, the fairness, adequacy, and reasonableness of the proposed settlement is clear. Accordingly, Plaintiff respectfully requests that this Court grant final certification of the Class and final approval of the Settlement and enter the proposed order of Final Approval and Final Judgment submitted herewith.

## II.  FACTUAL AND PROCEDURAL HISTORY

### A.  Plaintiffs' Claims

Crystal Bay is a resort and casino near Lake Tahoe that offers products and services including gaming, entertainment, hospitality, and dining. ECF No. 27 at ¶¶ 2, 20.[2] Plaintiffs and Settlement Class members are current or former customers and/or employees of Crystal Bay who provided their sensitive personally identifiable information ("PII")—including their names, Social Security numbers, and driver's license numbers—to Crystal Bay in connection with their transactions or employment. *Id.* at ¶¶ 2, 13-15. Crystal Bay represented and held a duty to Plaintiffs and Class members to use their PII for certain business purposes only, and that it would

---

[1] Unless otherwise specified, all capitalized terms shall have the same meanings as in the Parties' Class Action Settlement Agreement and Release (the "Agreement"), filed previously as ECF No. 34-02.

[2] Unless otherwise specified, references to documents in the Court's docket are in the matter in *Ngyuen v. Crystal Bay Casino, LLC*, Case No. 3:23-cv-00092 (Mar. 8, 2023).

adopt reasonable measure to protect and safeguard their PII from disclosure to unauthorized third parties. *Id.* at ¶¶ 39-56. Despite this, Plaintiffs' and Settlement Class members' PII was breached by third party hackers (the "Data Breach'). *Id.*

**B.    Procedural History**

*1.    Consolidation and the Operative Complaint*

Plaintiffs brought this action individually and on behalf of all persons whose PII was compromised and subject to unauthorized access and exfiltration, theft, or disclosure as a result of the Data Breach. On March 8, 2023, Plaintiff Ngyuen filed his Complaint in the United States District Court of Nevada. ECF No. 1. On that same day, Plaintiffs Fernando and Sophia Mendoza filed their Complaint also in the United States District Court of Nevada. Case No. 3:23-cv-00368 ("*Mendoza*"), *Mendoza* ECF No. 1. On May 22, 2023, Crystal Bay moved to dismiss both actions. ECF No. 23, *Mendoza* ECF No. 29. On May 30, 2023, the Court consolidated the two actions under *Ngyuen v. Crystal Bay Casino, LLC* and denied without prejudice Crystal Bay's motions to dismiss pending the filing of a consolidated complaint. ECF No. 24; *Mendoza* ECF No. 31. On June 29, 2023, Plaintiffs filed their consolidated class action complaint (the "Complaint"), which is the operative complaint in this action. ECF No. 27.

The consolidated Complaint asserts the following claims: (1) Negligence; (2) Quasi-Contract/Unjust Enrichment; (3) Breach of Implied Contract; (4) Breach of Fiduciary Duty; (5) Violation of the Nevada Deceptive Trade Practices Act ("NDTPA"), Nev. Rev. Stat. Ann. §§598.0903, *et seq.*; and (6) Violation of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§17200, *et seq.* ECF No. 27, ¶¶98-168.

*2.    Discovery and Investigation*

Following the filing of the Complaint, the Parties began engaging in preliminary negotiations. Part of this process involved informal discovery and a mutual exchange of information between the Parties, wherein Plaintiffs acquired information regarding Crystal Bay's PII storage systems, policies, and procedures and knowledge of third-party unauthorized access to PII resulting from the Data Breach. ECF No. 34-01, ¶3. With a thorough understanding of each party's information and the strengths and weaknesses of the claims and defenses in this matter,

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

2

Plaintiffs' counsel ("Class Counsel") was able to evaluate the probability of class certification, success on the merits, and Crystal Bay's monetary exposure for the claims. *Id.*

On October 30, 2023, the Parties engaged in a formal, arm's-length mediation before the Honorable Judge Morton Denlow, a retired federal magistrate judge and a highly sought after and accomplished mediator with a plethora of experience in mediating data breach cases. *Id.* at ¶4. Each party went into the mediation willing to explore a potential settlement for the dispute but was prepared to litigate their claims and defenses through trial and appeal if no settlement could be reached. The mediation was all-day and arm's length, involving extensive negotiations, discussions and considerations of the case by each party—ultimately resulting in an agreement to resolve all claims arising from or related to the data breach. *Id.*

Class Counsel has conducted a thorough investigation into the facts of this case. Plaintiffs and Class Counsel, on behalf of the Settlement Class, have concluded, based on the foregoing discovery and their own independent investigation and evaluation, and taking into account the contested issues involved, the expense and time necessary to prosecute the action through trial, the risks and costs of future litigation, and the substantial benefits to be received pursuant to the Agreement, that the settlement is fair, reasonable and adequate and is in the best interests of the Settlement Class Members. *Id.* at ¶ 5; ECF No. 34-02 ("Agreement"), § 1. This is particularly the case in light of the risk of significant delay, the defenses that could be asserted by Crystal Bay both to certification and on the merits, and the appellate risk in this action. *Id.* Likewise, Crystal Bay and its Counsel, without admitting liability, have analyzed the strength and weaknesses and the significant delay and expense of protracted litigation to determine that settlement is both desirable and beneficial. Agreement, § 2. As a result of the settlement, Settlement Class Members will receive timely, guaranteed relief and will avoid the risk of an unfavorable judgment.

**C.    Benefits Provided Under the Settlement Agreement**

The Agreement provides for the creation of the following Settlement Class definition to be certified under Rule 23 for settlement purposes: All individuals that received notice from Crystal Bay in or around February 2023, of a data security incident involving their Personal

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

Information. Agreement, § I.30. As described below, this Settlement Class definition all requisite elements of Rule 23(a) and 23(b)(3).

The Settlement provided for the creation of a Settlement Fund of $675,000.00 within 14 days of this Court's February 5, 2024, Order granting preliminary approval. This Settlement Fund is non-reversionary and provided funds to be paid to Settlement Class Members who submitted timely and valid Claim Forms, Settlement Costs, any service awards to Plaintiffs as Class Representatives, and Class Counsels' Attorneys' Fees and Costs. *Id.* As part of the monetary relief offered to Settlement Class Members, each Settlement Class Member could make a Settlement Claim for reimbursement of their documented ordinary losses, including lost time, and/or reimbursement for extraordinary losses. In the alternative, Settlement Class Members could also submit a claim to receive an Alternative Cash Payment. *Id.* at § 2.3.2(d). Settlement Class Members claiming either form of monetary relief could also claim three years of valuable credit monitoring services (in addition to, and not in lieu of, the monetary relief).

### D. Preliminary Approval and Class Notice Program

On February 5, 2024, this Honorable Court granted preliminary approval to the proposed Settlement and approved the conditional certification of the Class, the appointment of Plaintiffs as Settlement Class Representatives, and appointment of Thiago M. Coelho of Wilshire Law Firm, PLC and David Lietz of Milberg Coleman Bryson Philips Grossman, PLLC as Settlement Class Counsel. ECF No. 35, 1-2.

The Court's Order approved the Notice Program set forth in the Agreement, and appointed Kroll Settlement Administration, LLC ("Kroll") as the Claims Administrator to facilitate the Notice Program and settlement administration. *Id.* at 3. Per the terms of the Agreement, Kroll served a CAFA notice of the settlement via first-class certified mail or email to the appropriate State and Federal officials. Declaration of Scott M. Fenwick of Kroll Settlement Administration, LLC ("Fenwick Decl."), ¶ 4. Following preliminary approval, Crystal Bay provided Kroll with the contact information of the Settlement Class, which Kroll used to compile an updated Class List for the 93,843 Settlement Class Members. *Id.*, ¶ 5. Kroll then mailed the Short Notice using that Class List, which after multiple address corrections and re-mailings reached 91,321

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

Settlement Class Members—a rate of approximately 97.31%. *Id.*, ¶ 12. This reach rate is consistent with other court-approved, best-practicable notice programs and Federal Judicial Center Guidelines, which consider 70% to be a high reach rate and the "norm" for such notice campaigns. *Id.* Notice that reaches over 97% of the Settlement Class satisfies all applicable due process requirements and weighs in favor of final approval.

Additionally, Kroll set up a dedicated settlement website, which went live on March 5, 2024. *Id.*, ¶ 6. This website contained, among other things, information about the settlement, copies of the Agreement, the operative Class Action Complaint, the Preliminary Approval Order, the Long Notice, the motion for an Attorneys' Fees and Expenses Award and incentive awards and the Claim Form. The Claims Administrator will also post on the Settlement Website copies of the motion for final approval of the Class Settlement Agreement and other relevant filings. *Id.* The Settlement Website also contained contact information for the Claims Administrator, answers to frequently asked questions, important dates and deadlines, including the Opt-Out Deadline, Objection Deadline, Claims Deadline, and the Final Approval Hearing date, and provided Settlement Class Members the opportunity to file a Claim Form online. *Id.* Kroll also established a toll-free telephone number for Settlement Class Members to call and obtain additional information regarding the settlement. *Id.*, ¶ 7.

As of the Claims deadline of June 4, 2024, Kroll received 2,669 total Settlement Claims–receiving 438 Claim Forms by mail and 2,231 Claim Forms filed electronically through the website. *Id.*, ¶ 14. Out of these claims, 2,356 were found to be valid. *Id.* Additionally, Kroll received no objections to the Settlement, and only two timely requests for exclusion. *Id.*, ¶ 19. In total, 459 Settlement Class Members submitted valid Claim Forms for reimbursement of lost time, two (2) Settlement Class members submitted valid Claim Forms for reimbursement of documented ordinary losses, and 1,131 Settlement Class Members submitted valid Claim Forms for Credit Monitoring Services. *Id.*, ¶ 16. Additionally, 1,687 Settlement Class members submitted valid Claim Forms for the Alternative Cash Payment. *Id.* Settlement Class Members who selected the Alternative Cash Payment are estimated to be paid $167 each.

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

## III.     ARGUMENT

### A.     The Court Should Finally Approve the Settlement

A class action may not be settled without Court Approval. *See* Fed. R. Civ. P. 23(e). Approval of a class action settlement requires three steps: (1) preliminary approval; (2) notice to all class members; and (3) a final settlement approval hearing at which objecting class members may be heard. Manual for Complex Litigation, *Judicial Role in Reviewing a Proposed Class Action Settlement*, § 21.61 (4th ed. 2004). The decision to approve or reject a proposed settlement is committed to the sound discretion of the court. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1988). This discretion is to be exercised "in light of the strong judicial policy that favors settlements, particularly where complex class litigation is concerned," which minimizes substantial litigation expenses for both sides and conserves judicial resources." *See Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1238 (9th Cir. 1998); *In re Syncor Erisa Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008).

Federal law strongly favors and encourages settlements, especially in class actions. *See Franklin v. Kaypro Corp.*, 884 F.2d 1222, 1229 (9th Cir. 1989) ("[T]here is an overriding public interest in settling and quieting litigation. This is particularly true in class action suits."). Moreover, when reviewing a motion for approval of a class settlement, the Court should give due regard to "what is otherwise a private consensual agreement negotiation between the parties," and must therefore limit the inquiry "to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982). The Court of Appeals will rarely overturn approval of a class action settlement unless "the terms of the agreement contain convincing indications that the incentives favoring pursuit of self-interest rather than the class's interests in fact influenced the outcome of the negotiations and that the district court was wrong in concluding otherwise." *Staton v. Boeing Co.*, 327 F.3d 938, 960 (9th Cir. 2003).

In deciding whether to approve a proposed class action settlement, the Court must find that the proposed settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2); *Officers for Justice*, 688 F.2d at 625.

> In determining whether a settlement is "fundamentally fair, adequate, and reasonable," the district court must "balance[e] ... several factors which may include, among others, some or all of" the following: (1) "the strength of plaintiffs' case," (2) "the risk, expense, complexity, and likely duration of further litigation," (3) "the risk of maintaining class action status throughout the trial," (4) "the amount offered in settlement," (5) "the extent of discovery completed," (6) "the stage of the proceedings," (7) "the experience and views of counsel," (8) "the presence of a governmental participant," and (9) "the reaction of the class members to the proposed settlement."

*Benitez v. Western Milling, LLC*, No. 1:18-CV-01484-SKO, 2020 WL 3412725, at *4 (E.D. Cal. June 22, 2020) (quoting *Linney*, 151 F.3d at 1242) (citation omitted). "Ultimately, the district court's determination is nothing more than an amalgam of delicate balancing, gross approximations and rough justice." *Id.* (quoting *Officers for Justice,* 688 F.2d at 625) (citation omitted); *see also Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.,* 221 F.R.D. 523, 526 (C.D. Cal. 2004) ("[D]istrict courts have wide discretion in assessing the weight and applicability of each factor." (citation omitted)). Importantly, courts apply a presumption of fairness "if the settlement is recommended by class counsel after arm's-length bargaining." *Wren v. RGIS Inventory Specialists*, No. C-0605778 JCS, 2011 WL 1230826, at *6 (N.D. Cal. Apr. 1, 2011), *supplemented*, No. C-06-05778 JCS, 2011 WL 1838562 (N.D. Cal. May 13, 2011).

Each of these factors weighs in favor of final approval, and accordingly, the Court should find that the Settlement is fair, reasonable, and adequate, and finally approve it with respect to the Classes.

### 1.    The Strength of Plaintiffs' Case Weighs in Favor of Final Approval

"When assessing the strength of [the] plaintiff's case, the court does not reach 'any ultimate conclusions regarding the contested issues of fact and law that underlie the merits of this litigation." *Adoma v. Univ. of Phoenix, Inc.*, 913 F. Supp. 2d 964, 975 (E.D. Cal. 2012) (quoting *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 720 F. Supp. 1379, 1388 (D. Ariz. 1989)). The Court must "evaluate objectively the strengths and weaknesses inherent in the litigation and the

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

impact of those considerations on the parties' decisions to reach these agreements." *Id.* Accordingly, where a court determines that a claim may have "some measure of merit," but that it also faces inherent weaknesses, the court should find that the "strength of Plaintiff's case" factor "weighs in favor" of final approval of the Settlement. *Van Lith v. iHeartMedia + Entm't Inc.,* No. 1:16-CV-00066-SKO, 2017 WL 1064662, at *11 (E.D. Cal. Mar 20, 2017).

While Plaintiffs and Class Counsel believe that there is evidence from which the Court could rule in favor of Plaintiffs' claims at trial, there exist real concerns as to the viability of their case at trial. First, there is no presently available evidence that the PII exposed in the Data Breach was viewed and acquired by hackers—meaning that that Plaintiffs may not be able to prove their damages. Second, differences in damages resulting from the data breach between affected individuals give rise to individualized issues that may ultimately prevent Plaintiffs from certifying a class. ECF No. 34-01, ¶¶ 5-6. Where, as here, a claim has "some measure of merit" but also faces inherent weaknesses, a court should find that the "strength of Plaintiff's case" factor "weighs in favor" of approval of the settlement. *Van Lith*, 2017 WL 1064662 at *11.

### 2.    The Risk, Expense, Complexity and Likely Duration of Further Litigation All Weigh in Favor of Final Approval

"Another relevant factor is the risk of continued litigation against the certainty and immediacy of recovery from the [s]ettlement." *Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 489 (E.D. Cal. 2010) (citation omitted). "In assessing the risk, expense, complexity, and likely duration of further litigation, the court evaluates the time and cost required." *Adoma*, 913 F. Supp. 2d at 976. "[U]nless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results." *Id.* (quoting *Nat'l Rural Telecomms. Coop*, 221 F.R.D. at 526. "The parties…save themselves the time, expense, and inevitable risk of litigation. Naturally, the agreement reached normally embodies a compromise; in exchange for the saving of cost and elimination of risk, the parties each give up something that they might have won had they proceeded with litigation." *Officers for Justice*, 688 F.2d at 624 (quoting *United States v. Armour & Co.*, 402 U.S. 673, 681-82 (1971)).

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

Here, the certainty of the Settlement clearly outweighs the plain risk and expense of continued litigation. Absent settlement, the Parties would be required to continue litigation, which would necessarily require significant discovery, the retention of several experts by both sides, a contested motion for class certification, and other dispositive motions such as a motion for summary judgment and possible appeals. ECF No. 34-01, ¶ 7. Indeed, this action will likely become more complex over time and require further resource expenditure the longer it goes on for, as new issues may emerge through discovery or simply determinations relating to case strategy. *Id.* As such, this factor clearly weighs in favor of final approval. *Barbosa v. Cargill Meat Sols. Corp.*, 297 F.R.D. 431, 447 (E.D. Cal. 2013) (concluding that this factor favored approval where 'there remained significant procedural hurdles for the putative class to confront, including certification" and "there were significant risks in continued litigation and no guarantee of recovery.").

### 3.   The Relief Offered in the Settlement Favors Final Approval

"In assessing the consideration obtained by the class members in a class action settlement, it is the complete package taken as a whole, rather than the individual component parts, that must be examined for overall fairness." *Ontiveros v. Zamora*, 303 F.R.D. 356, 370 (E.D. Cal. 2014). "[A] proposed settlement is not to be judged against a speculative measure of what might have been awarded in a judgment in favor of the class." *Nat'l Rural Telecomms. Coop.*, 221 F.R.D. at 526 (citation omitted). Indeed, "[i]t is well-settled law that a proposed settlement may be acceptable even though it amounts to only a fraction of the potential recovery that might be available to the class members at trial." *Id.* at 527; *See also*, *e.g.*, *Officers for Justice*, 688 F.2d at 623.

Here, the Settlement provides for a $675,000.00 non-reversionary common fund, which works out to approximately $7.18 per Settlement Class Member. This compares favorably to a host of data breach settlements finally approved by federal courts, including for example:

| Case Title | Settlement Amount | No. of Class Members | $ Per Class Member |
|---|---|---|---|
| *Madkin v. Automation Personnel Services, Inc.*, No. 2:21-cv-1177, ECF No. 53 (N.D. Ala. Feb. 20, 2024) | 1.37M | 299,253 | $4.59 |
| *Bingaman, et al. v. Avem Health Partners Inc.*, No. CIV23-130-SLP, ECF No. 67(W.D. Ok. May 15, 2024) | $1.45M | 271,303 | $5.34 |
| *Fernandez v. 90 Degree Benefits*, No. 2:22-cv-00799, ECF No. 33 (E.D.Wis. Nov. 17, 2023) | $990,000 | 185,461 | $5.33 |
| *In re C.R. England, Inc. Data Breach Litigation*, No. 2:22-cv-374-DAK, ECF No. 57 (D.Utah March 18, 2024) | $1,4M | 224,572 | $6.23 |
| *Reynolds v. Marymount Manhattan College*, No. 1:22-CV-06846-LGS , 2023 WL 6977635 (S.D.N.Y. Oct. 23, 2023) | $1,3M | 191,752 | $6.78 |

From the Settlement Fund, Settlement Class Members could claim substantial benefits, including a choice of monetary relief (either documented loss reimbursements of up to $10,000, including lost time, or a cash payment) and a three-year subscription to Credit Monitoring Services. Agreement, § 2. As of the filing of this Motion, 2,356 valid claims have been made, including 1,131 claims for credit monitoring, 459 claims for documented losses or lost time, and 1,687 claims for the Alternative Cash Payment. Settlement Class members who submitted valid Alternative Cash Payment claims are currently estimated to receive *$167 each*—far exceeding alternative cash payments finally approved in other federal data breach class action settlements. *See, e.g., In re Equifax Inc. Cust. Data Sec. Breach Litig.,* No. 1:17-MD-2800-TWT, 2020 WL 256132, at *18 (N.D. Ga. Mar. 17, 2020) (finally approving settlement where each claimant would only receive "a small faction" of the "up to" $125 alternative cash payment option). Accordingly, the Settlement has provided for a tremendous recovery to the Settlement Class.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd. 12ᵗʰ Floor
Los Angeles, CA 90010-1137

While a larger award is "theoretically possible, 'the very essence of a settlement is a compromise, a yielding of absolutes and an abandoning of highest hopes." *Barbosa*, 297 F.R.D. at 447 (quoting *Linney*, 151 F.3d at 1242); *see also Hanlon*, 150 F.3d at 1027 (the fact that "the settlement could have been better…does not mean that the settlement presented was not fair, reasonable or adequate.") Accordingly, this factor weighs in favor of final approval.

> 4.    *The Extent of Discovery Completed Favors Final Approval Because the Settlement Was Reached as a Result of Arm's Length, Non-Collusive Negotiated Resolution*

As to the factors pertaining to the extent of discovery completed and the stage of proceedings, The amount of discovery completed prior to reaching a settlement is important because it bears on whether the Parties and the Court have sufficient information before them to assess the merits of the claims. *See, e.g., Lewis v. Starbucks Corp.*, No. 2:07-cv-00490-MCE-DAD, 2008 WL 4196690, at *6 (E.D. Cal. Sept. 11, 2008); *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 617 (N.D. Cal. 1979). However, formal discovery having occurred is not a requirement to settlement, and in fact, Courts have found that informal discovery is sufficient so long as the Parties had an opportunity to "form a clear view of the strengths and weaknesses of their cases." *See, e.g.*, *Monterrubio v. Best Buy Stores, L.P.*, 291 F.R.D. 443, 454 (E.D. Cal. 2013)("While the parties did not fully complete discovery prior to settlement negotiations, but rather engaged in a process of informal discovery, approval of a class action settlement is proper as long as discovery allowed the parties to form a clear view of the strengths and weaknesses of their cases.")(citing *In re Immune Response Secs. Litig.*, 497 F. Supp. 2d 1166, 1174 (S.D. Cal. 2007)); *cf. Vasquez*, 266 F.R.D. at 489 (finding that the parties engaged in sufficient discovery where the plaintiffs "conducted significant discovery of the underlying . . . documents in [the] case" and conducted interviews of "numerous" members of the potential class). Stated another way, "[w]hat is required is that sufficient discovery has been taken or investigation completed to enable counsel and the court to act intelligently." *Barbosa*, 297 F.R.D. at 447 (citation omitted).

Additionally, this Circuit puts "a good deal of stock in the product of arms-length, negotiated resolution." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009) (citing

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

11

*Hanlon*, 150 F.3d at 1027; *Officers for Justice*, 688 F.2d at 265). Accordingly, there is a "presumption of fairness…if the settlement is recommended by class counsel after arm's-length bargaining." *Wren*, No. C-0605778 JCS, 2011 WL 1230826, at *6), *supplemented*, No. C-06-05778 JCS, 2011 WL 1838562.

Here, the Parties engaged in informal discovery, as well as extensive investigation of the claims, which allowed each side to fully assess the claims and potential defenses in this action. ECF No. 34-01, ¶ 3. Following and as a result of those efforts, the Parties engaged in an adversarial, non-collusive and arm's length mediation with Judge Denlow. In reaching the Settlement, Class Counsel considered issues including, *inter alia*, (1) certification of the Settlement Class; (2) monetary remuneration for Settlement Class; and (3) credit monitoring services to be purchased for the Settlement Class Members. The resulting Agreement is the product of hours of such arm's length negotiations between the Parties, creating a presumption of fairness. ECF No. 34-01, ¶ 8. Accordingly, this factor favors final approval.

> 5.    *A Consideration of the Experience and Views of Class Counsel Favor Final Approval*

"In considering the adequacy of the terms of a settlement, the trial court is entitled to, and should, rely upon the judgment of experienced counsel for the parties." *Barbosa*, 297 F.R.D. at 447 (citation omitted). "Great weight is accorded to the recommendation of counsel, who are the most closely acquainted with the facts of the underlying litigation." *Adoma*, 913 F. Supp. 2d. at 977 (citation omitted). "This is because parties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in the litigation." *Id*. (citation omitted). "Thus, 'the trial judge, absent fraud, collusion, or the like, should be hesitant to substitute its own judgment for that of counsel.'" *Nat'l Rural Telecomms. Coop.*, 221 F.R.D. at 528 (quoting *Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977)).

Class Counsel have extensive experience in litigating consumer class actions, particularly data breach class actions. *See* ECF No. 34-01, ¶¶ 9-12; ECF No. 34-03, ¶¶ 3-17. Class Counsel evaluated the case, considered the defenses that would be raised and—although they believed they could prevail at trial—ultimately concluded that settlement was the best option. ECF No.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

34-01, ¶¶ 5, 12-13; ECF No. 34-03, ¶¶ 18-23. Considering the Parties' strongly divergent views, and their awareness of the burdens of proof necessary to establish liability for the claims and the potential challenges to bringing a class certification motion, the Parties were able to negotiate a fair settlement, taking into account the costs and risks of continued litigation. ECF No. 34-01, ¶¶ 9-12; ECF No. 34-03, ¶¶ 18-20. The Parties have produced a result that they believe to be in their respective best interests. Accordingly, this factor favors final approval.

6.    *There is No Governmental Participant in this Action*

As this case does not involve a governmental participant, this factor does not apply.

7.    *The Positive Reaction of the Class Members to the Settlement Favors Final Approval*

"The reactions of the members of a class to a proposed settlement is a proper consideration for the trial court." *Vasquez*, 266 F.R.D. at 490 (quoting *Nat'l Rural Telecomms. Coop.*, 221 F.R.D. at 528). "Where a settlement agreement enjoys overwhelming support from the class, this lends weight to a finding that the settlement agreement is fair, adequate, and reasonable." *Barbosa*, 297 F.R.D. at 448 (citation omitted). Indeed, "[i]t is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class action settlement are favorable to the class members." *Nat'l Rural Telecomms. Coop.*, 221 F.R.D. at 529 (collecting cases).

To date, not a single Settlement Class member has objected to the Settlement, and only two have chosen to opt out. Fenwick Decl., ¶ 19. By contrast, approximately 2,669 Settlement Class Members submitted valid claims and received benefits from the Settlement Fund. *Id.*, ¶ 14. Accordingly, the reaction of the Settlement Classes should be considered highly favorable. *Hanlon*, 150 F.3d at 1027 ("[T]he fact that the overwhelming majority of the class willingly approved the offer and stayed in the class presents at least some objective positive commentary as to its fairness").

**B.    The Settlement Class Should be Finally Certified**

Courts have broad discretion to certify a class for purposes of a class action settlement. *Zinser v. Accuflix Research Inst., Inc.,* 253 F.3d 1180, 1186 (9th Cir. 2001); *Dunk v. Ford Motor*

13

*Co.*, 48 Cal. App. 4th 1794, 1807 n. 19 (1996) (holding certification in settlement cases is subject to a "lesser standard of scrutiny"); *see also Navellier v. Sletter*, 262 F.3d 923, 941 (9th Cir. 2001). The fundamental question "is not whether…plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974). Here, nothing has changed vis a vis class certification since the Court preliminarily certified the Settlement Class. For the same reasons articulated in connection with preliminary approval (and recapped here), the Settlement Class satisfies the Rule 23(a) and 23(b)(3) requirements for final certification.

Under Rule 23(a), Plaintiffs must demonstrate that: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). Under Rule 23(b)(3), Plaintiffs must demonstrate that the questions of law or fact common to the class predominate over any questions affecting only individual class members, and that a class action is superior to many individual actions. For the purposes of Settlement, the Parties agree that each of these criteria are satisfied.

### 1. The Settlement Class is Numerous and Ascertainable

Under Rule 23(a), a proposed class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). There is no exact threshold number that must be met to meet this requirement; rather the rule "requires examination of the specific facts of each case and imposes no absolute limitations." *Gen. Tel. Co. of the Nw. Inc. v. EEOC*, 446 U.S. 318, 330 (1980). Generally, a class with more than 40 members "raises a presumption of impracticability [of joinder] based on numbers alone." *Hernandez v. Cnty. of Monterey*, 305 F.R.D. 132, 152–53 (N.D. Cal. 2015). Here, the Settlement Class consists of approximately 93,950 individuals identified by Crytal Bay as impacted by the Data Breach. Thus, the Settlement Class is sufficiently numerous.

Additionally, although not specified in Rule 23, courts generally require that a proposed class be ascertainable. *See, e.g., Kristensen v. Credit Payment Servs.*, 12 F. Supp. 3d 1292, 1302

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

UNOPPOSED MOTION FOR FINAL APPROVAL

(D. Nev. 2014). "The definition must be precise, objective, and presently ascertainable." *In re Wal-Mart Wage & Hour Emp't Practices Litig.*, No. 2:06-cv-00225-PMP-PAL, 2008 WL 3179315, at *20 (D. Nev. June 20, 2008) (citation omitted). Ascertainability may be satisfied if it is "administratively feasible" for the court to determine whether a particular individual is a member, though this is not a prerequisite to certification. *Briseno v. ConAgra Foods, Inc.*, 944 F.3d 1121 (9th Cir. 2017). Here, the Settlement Class is ascertainable. Crystal Bay has within its possession the identities of those individuals impacted by the Data Breach as it sent the notices of the Data Breach to them. ECF No. 34-01, ¶ 14. Therefore, the ascertain ability requirement is met.

### 2.    Common Questions of Fact and Law Exist

"[A] common question must be of such a nature that it is capable of classwide resolution—which means that the determination of its truth or falsity will resolve an issue that is central to the validity of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Commonality is a requirement that "has been construed permissively," and "not all questions of fact and law need to be common to satisfy the rule." *Hanlon*, 150 F.3d at 1019. Instead, "[t]he existence of shared legal issues with divergent factual predicates is sufficient[.]"). *Id.* In fact, the Ninth Circuit has held that "[s]o long as there is 'even a single common question,' a would-be class can satisfy the commonality requirement of Rule 23(a)(2)." *Wang v. Chinese Daily News, Inc.*, 737 F.3d 538, 544 (9th Cir. 2013) (internal citations omitted).

Commonality is satisfied here because the factual and legal issues are the same for the entire Settlement Class, including Plaintiffs. Plaintiffs' claims stem from a single course of conduct which Crystal Bay engaged in with respect to the PII of each and every one of the Settlement Class Members. Further, all Settlement Class Members suffered from, and seek redress for, the same alleged injuries in the form of time lost mitigating the resulting harm from the Incident, out-of-pocket costs mitigating the resulting harm from the Data Breach, the loss of value of their PII, and the deprivation of their benefit of the bargain with Crystal Bay. These key issues are entirely common to the Settlement Class and if the case proceeded, would be resolved based on common facts and evidence. ECF No. 34-01, ¶ 16.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

### 3. *Plaintiff's Claims are Typical of the Settlement Class*

The test of typicality is "whether other members of the class have the same or similar injury, whether the action is based on conduct, which is not unique to the named plaintiffs, and whether other class members have been injured in the same course of conduct." *Ellis v. Costco Wholesale Corp*., 657 F.3d 970, 984 (9th Cir. 2011) (quoting *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)). "Typicality refers to the nature of the claim or defense of the class representative, and not to the specific facts from which it arose or the relief sought." *Id.* "Under the 'permissive standards' of Rule 23(a)(3), 'representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical.'" *Hanlon*, 150 F.3d at 1020.

Here, Plaintiffs and Class Members all provided their PII to Crystal Bay. Their PII was subject to the same policies and practices and was impacted in the same way in the same Data Breach. ECF No. 34-01, ¶17. Accordingly, typicality is satisfied.

### 4. *Plaintiffs and Class Counsel are Adequate Representatives*

The adequacy requirement is met if Named Plaintiff and her counsel: (1) do not have any conflicts of interest with other Class Members; and (2) will vigorously prosecute the case on behalf of the class. *Hanlon*, 150 F.3d at 1020 (*citing Lerwill v. Inflight Motion Pictures, Inc*., 582 F.2d 507, 512 (9th Cir. 1978)); *see also Santoro v. Aargon Agency, Inc*., 252 F.R.D. 675, 682 (D. Nev. 2008). Both components are met here.

Plaintiffs are adequate class representatives. Their interests are identical with those of the Settlement Class Members. Plaintiffs, nor their counsel, have any conflicts with the Settlement Class. They have vigorously prosecuted this action, diligently reviewed the settlement terms, and have demonstrated their commitment to bring about the best possible results for the Settlement Class. ECF No. 34-01, ¶18.

Likewise, Class Counsel are highly experienced data breach class action attorneys who have and will adequately represent the Settlement Class. ECF No. 34-01, ¶19; ECF No. 34-03, ¶¶2-17; *see also Hester v. Vision Airlines, Inc.*, No. 2:09-cv-00117, 2009 WL 4893185, at *5 (D. Nev. Dec. 16, 2009) (adequate class counsel are those who are "qualified, experienced, and able

to conduct the proposed litigation"). There can no doubt that Class Counsel are adequate to represent the Settlement Class. Accordingly, adequacy is satisfied.

### 5. Common Questions of Fact and Law Predominate

A class action is certifiable under Rule 23(b)(3) if "questions of law or fact common to the members of the class predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3). "When common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication," there is clear justification for class treatment. *Local Joint Executive Bd. of Culinary/Bartender Tr. Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1162 (9th Cir. 2001).

"The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Hanlon*, 150 F.3d at 1022 (citing *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 622 (1997)). If common questions "present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication," then "there is clear justification for handling the dispute on a representative rather than on an individual basis," and the predominance test is satisfied. *Id.* at 1022. There is no definitive test for determining whether common issues predominate, however, in general, predominance is met when there exists generalized evidence which proves or disproves an [issue or] element on a simultaneous, classwide basis, since such proof obviates the need to examine each class members' individual position. The main concern is "the balance between individual and common issues." *In re Wells Fargo Home Mortg.*, 571 F.3d 953, 959 (9th Cir. 2009).

Here, common questions—including, *inter alia*, what standard of care Crystal Bay was required to employ in maintaining and safeguarding Plaintiffs' and Class Members' PII and whether Crystal Bay breached that standard of care—dominate the litigation as central questions and predominate over individual questions because they will dictate whether the Plaintiffs have proven their causes of action on behalf of the Settlement Class. ECF No. 34-01, ¶20. Further, while individual questions as to individual class members' damages exist, it is well-settled law in this Circuit that individual questions as to damages cannot defeat predominance. *Blackie v.*

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

UNOPPOSED MOTION FOR FINAL APPROVAL

*Barrack*, 524 F.2d 891, 905 (9th Cir. 1975) ("[t]he amount of damages is invariably an individual question and does not defeat class action treatment."). Accordingly, predominance is satisfied.

### 6.    Class Treatment is Superior

"[T]he purpose of the superiority requirement is to assure that the class action is the most efficient and effective means of resolving the controversy." *Wolin v. Jaguar Land Rover N. Am. LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010). Rule 23(b)(3)'s non-exclusive factors are: "(A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the difficulties likely to be encountered in the management of a class action."

Here, each of these factors favor class treatment. As to (A), separate individual actions would not be desirable or even feasible for any individual class member, as they would likely only result in paltry recoveries amounting to a few dollars each that would not even come close to covering the costs of litigation. As to (B), the extent and nature of this consolidated action is such that the most efficient means of resolving the Settlement Classes' claims is through class certification because the vast majority of the central issues to be determined are class-wide issues. As to (C), it is highly desirable to concentrate litigation arising from the Data Breach in one forum in order to defray the risk of inconsistent verdicts and redundant judgments in other districts. Finally, as to (D), there will be no issues with class manageability as this case was settled. Accordingly, superiority is met.

## IV.    CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that this Court grant final certification of the Class and final approval of the Settlement reached in this matter and enter the proposed order and judgment accordingly.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

UNOPPOSED MOTION FOR FINAL APPROVAL

Dated: July 22, 2024                                    Respectfully Submitted,

/s/ Thiago M. Coelho
Thiago M. Coelho
*pro hac vice*
**WILSHIRE LAW FIRM, PLC**

/s/ David K. Lietz
David K. Lietz
*pro hac vice*
**MILBERG COLEMAN BRYSON**
**PHILLIPS GROSSMAN, PLLC**
*Attorneys for Plaintiffs and Proposed Class*

UNOPPOSED MOTION FOR FINAL APPROVAL